IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U. A. LOCAL NO. 343, et al.,<br>   Plaintiffs,<br> v.<br>ADAM CALVERT,<br>   Defendant. | No. CV 09-02733 CRB<br>**ORDER** |

This is an ERISA action for unpaid contributions to the U.A. Local No. 343 Pension Trust Fund. Now before the Court is Plaintiffs' motion for default judgment. Defendant has not responded to Plaintiffs' motion even though the deadline has passed. See Northern District of California Local Rule 7-3(a). Indeed, Defendant has yet to appear in this case at all. Judgment by default may be entered pursuant to Federal Rule of Civil Procedure 55 when the defendant has "failed to plead or otherwise defend." Entry of a default judgment is discretionary. See Draper v. Coombs, 792 F.2d 915. 924-25 (9th Cir. 1986). After careful consideration, the Court GRANTS Plaintiffs' motion for default judgment.

## BACKGROUND

Plaintiffs, Plan Administrator of employee benefit plans and a joint labor-management trust fund, filed suit on June 19, 2009 seeking delinquent contributions, liquidated damages, and interest from Defendant. Proofs of service were filed on July 16, 2009, and the clerk entered default on July 29, 2009.

1   Defendant had a statutory duty to make timely payments to Plaintiffs' fund under
2   ERISA § 515, 29 U.S.C. §§ 1132 and 1145, under the Labor Management Relations Act, 29
3   U.S.C. § 185, and under the collective bargaining agreement ("CBA") between Defendant
4   and Local No. 343 of United Association of Journeymen and Apprentices of the Plumbing
5   and Pipefitting Industry of the United States and Canada, AFL-CIO..

6   Plaintiffs have established that Defendant failed to make required payments, and owes
7   $2,188.18 in fringe benefit contributions, $837.64 in liquidated damages, and $556.97 in
8   interest, as well as $2,404.67 in attorneys' fees and $482.35 in costs.

## DISCUSSION

10   ERISA provides that "[e]very employer who is obligated to make contributions to a
11   multiemployer plan under the terms of a collectively bargained agreement shall . . . make
12   such contributions in accordance with the terms and conditions of such plan or such
13   agreement." 29 U.S.C. § 1145. ERISA also authorizes an award of interest on delinquent
14   and unpaid contributions, as well as liquidated damages and attorneys' fees and costs in an
15   action for collection of contributions. See 29 U.S.C. § 1132(g). The CBA entitles Plaintiffs
16   to liquidated damages of ten percent (10%) of the amount of particular contributions due,
17   which increases to twenty percent (20%) in the event the employer does not pay the
18   delinquent contributions owing before a lawsuit is filed. Nord Decl. Ex. B. The CBA further
19   states that an interest rate of twelve percent (12%) per annum shall be added to the amount
20   due, which includes both the delinquent contribution and liquidated damages. Id. In the
21   Ninth Circuit, to qualify for an award of statutory liquidated damages, unpaid contributions
22   must exist at the time the lawsuit was filed. See Idaho Plumbers & Pipe Fitters Health &
23   Walfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989).
24   This requirement is satisfied here.

25   Under ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(2)(D), Plaintiffs are also entitled to
26   "reasonable attorneys' fees and costs of the action." The CBA further provides that in the
27   event the fund administrator bings suit, the defaulting employer is responsible for
28   "reasonable attorneys' fees, court court costs and all other reasonable expenses incurred in

2

1 connection with such suit or claim." Nord Decl. Ex. B.  The Court finds Plaintiffs'
2 attorneys' fees and costs to be reasonable.

As the allegations of the complaint are accepted as true, and as the evidence establishes that Defendant owes Plaintiffs a sum certain, Plaintiffs' motion for default judgment is GRANTED in the total amount of $6,469.81.  The Court will issue a judgment in accordance with this Order.

**IT IS SO ORDERED.**



Dated: September 16, 2009

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2009\2733\order re default judgment.wpd                3